[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
The following facts are not in dispute and are taken from Mark Sanford's complaint and the defendant Stone Container's motion for summary judgment. Mark Sanford (hereinafter "Sanford"), was an employee of Industrial Engineers, Inc. (hereinafter "Industrial"). During the course of his employment Sanford removed asbestos from the plant of Stone Container Corporation (hereinafter "Stone"), the defendant. On May 25, 1988, Sanford slipped on a walkway at the Stone worksite and suffered injuries.
On February 5, 1990, Sanford sued Stone alleging negligence in the maintenance of the walkway and in failing to warn workers of the existence of dangerous conditions. On August 5, 1991, after a trial, the jury found Stone 65 percent and Sanford 35 percent negligent. The jury verdict of August 5, 1991 awarded total damages of $37,790.83 and net damages of $24,564.04. On August 28, 1991, Sanford's motion to set aside the verdict was denied. The judgment was certified by Sanford as having been satisfied on September 12, 1991.
On April 6, 1990, Industrial, the plaintiff's employer, entered this action by filing an intervening complaint, pursuant to General Statutes Sections 31-293, to recover, from Stone, sums Industrial paid or was obligated to pay Sanford under the Workmens' Compensation Act. On December 7, 1990, Stone filed an answer and special defenses to the intervening complaint. Stone filed a counterclaim against Industrial pursuant to a contractual indemnification clause to recover damages for indemnity.
On December 3, 1991, Stone filed a motion for summary judgment, supporting memorandum of law, and a copy of the indemnification agreement stating that Stone is entitled to judgment against Industrial as a matter of law. In this motion Stone is seeking indemnification in the amount of $24,050. On December 27, 1991, Industrial objected to and filed a memorandum in opposition to summary judgment. Industrial did not file any documentation in opposition.
This matter was heard at short calendar on December 30, 1991. Sanford is a party to neither the counterclaim nor the motion before this court.
The pleadings in this case are not closed because Industrial has not filed an answer to Stone's counterclaim. However, this decision is rendered on the parties stipulation at oral argument to Industrial's denial of the counterclaim, thus serving as an answer.
DISCUSSION CT Page 1670
Summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384. "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. The court must view the evidence in the light most favorable to the nonmovant." Nolan v. Borkowski, 206 Conn. 495,500, 533 A.2d 1031 (1988).
If the pleadings are not closed, the authority of the court to render judgments on pending claims is restricted. Doublewal Corporation v. Toffolon, 195 Conn. 384, 391,488 A.2d 444 (1985). If a motion for summary judgment is made while the pleadings are open, such error is harmless. Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 4, 513 A.2d 1218
(1986). In such an instance, if the court has subject matter and personal jurisdiction over the parties, the court may decide the motion for summary judgment once the pleadings are closed. Id.
In moving for summary judgment, Stone asserts that Industrial signed a contract containing an indemnification agreement, that Stone was not solely negligent in Sanford's accident and that Industrial must indemnify Stone for any damages paid to Sanford. Industrial, in opposing summary judgment, argues that the indemnification agreement is void as against public policy under General Statutes Section 52-572k.
Industrial has at no time disputed the existence of the indemnification agreement. Nor does Industrial claim that the agreement was entered into under duress or in bad faith or that the agreement is unconscionable.
The pertinent section of the indemnification agreement states:
 Contractors shall bear all loss, expense (including Attorney's fees), and damage in connection with and shall indemnify Stone Container against and save Stone Container harmless from all claims, demands and judgments made or recovered against Stone Container because of bodily injuries, including death at anytime resulting therefrom, and/or because of damage to property from any cause whatsoever arising out of, incidental to or in connection with the work, whether or not due to any subcontractor or his or their employees, servants or agents and whether or not due to CT Page 1671 any act of omission or commission including negligence of Stone Container, its employees, servants or agents.
Attachment, Memorandum of Law in Support of Motion for Summary judgment.
The relevant portion of General Statutes Section52-572k (a) reads as follows:
 Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alternation, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void. . . .
The indemnification agreement between Stone and Industrial is not against public policy. Indemnification agreements in construction situations are void if they hold the promisee harmless of liability for injury caused by the sole negligence of the promise. While the relationship between Stone and Industrial falls within the ambit of a construction contract the indemnification agreement only creates a right of indemnity on the part of Stone. Therefore, the language of the indemnification agreement complies with General Statutes Section 52-52k and is not void as against public policy. Accordingly, Stone is entitled to indemnification from Industrial.
CONCLUSION
The indemnification agreement between Stone and Industrial is not void as against public policy. Also, Stone was not the sole cause of negligence in the causation of Sanford's injuries. Furthermore, the agreement creates a right of indemnity on the part of Stone as against Industrial. Therefore, Stone had met its burden of proof and Industrial has failed to demonstrate the existence of material facts in dispute. Accordingly, Stones' motion for summery judgment is hereby granted.
HURLEY, J. CT Page 1672